DAVID E. EASH, ISBA 4886
davide@feltmanewing.com
Feltman Ewing, P.S.
421 W. Riverside Ave., Suite 1600
Spokane, WA 99201
(509) 838-6800
Fax: (509) 744-3436
Attorneys For Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| BAILEY GILLISH,<br><br>                                  Plaintiff,<br>vs.<br><br>CAPITAL ONE BANK (USA) N.A.,<br><br>                                  Defendant. | NO.<br><br>PLAINTIFF'S COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

## COMPLAINT

COMES NOW the Plaintiff, BAILEY GILLISH ("Plaintiff"), by and through her attorneys, and for Plaintiff's Complaint against Defendant, CAPITAL ONE BANK (USA) N.A., alleges and affirmatively states as follows:

## INTRODUCTION

1.  Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in

violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), *47 U.S.C. § 227 et. seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3). See, *Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA.

3. Venue is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C § 1391(b) because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## PARTIES

4. Plaintiff is a natural person residing in Ada County, in the city of Kuna, Idaho.

5. Defendant is a Virginia Corporation doing business in the State of Idaho, with its headquarters in McLean, Virginia.

6. At all times relevant to this Complaint, Defendant has acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

7. Defendant is a "person" as defined by 47 U.S.C. § 153 (10).

8. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts incurred by Plaintiff.

9. Defendant placed collection calls to Plaintiff's cellular telephone at phone number (208) 440-71XX.

10. Defendant placed calls to Plaintiff from phone numbers including, but not limited to, (800) 955-6600.

11. Per its prior business practices, Defendant's calls were placed with an automated telephone dialing system ("auto-dialer").

12. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, BAILEY GILLISH.

13. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

14. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. Defendant never received Plaintiff'' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

16. On July 13, 2017, Plaintiff called into Defendant's company at phone number (800) 955-6600. Plaintiff spoke with Defendant's male representative and requested that Defendant cease calling Plaintiff's cellular phone.

17. During the conversation on July 13, 2017, Plaintiff gave Defendant her cellular telephone number, first and last name, her date of birth, and her social security number, to assist Defendant in accessing her account before asking Defendant to stop calling her cell phone.

18. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on July 13, 2017.

19. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff after July 13, 2017.

20. Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least sixty-two (62) automated calls to Plaintiff's cell phone.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

21. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

22. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227 et. seq.

23. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et. seq., Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 et. seq.

25. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-20.

26. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et. seq.

27. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et. seq., Plaintiff is entitled an award of $1,500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

28. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BAILEY GILLISH, respectfully requests judgment be entered against Defendant, CAPITAL ONE BANK (USA) N.A., for the following:

### FIRST CAUSE OF ACTION

29. For statutory damages of $500 multiplied by the number of TCPA violations alleged herein, (62) $31,000.

30. Actual damages and compensatory damages according to proof at time of trial.

## SECOND CAUSE OF ACTION

31. For statutory damages of $1,500 multiplied by the number of TCPA violations alleged herein, (62) $93,000.00.

32. Actual damages and compensatory damages according to proof at time of trial.

## ON ALL CAUSES OF ACTION

33. Actual damages and compensatory damages according to proof at time of trial.

34. Costs and reasonable attorney fees.

35. Any other relief that this Honorable Court deems appropriate.

## **JURY TRIAL DEMAND**

36. Plaintiff demands a jury trial on all issues so triable.

DATED this 22 day of MAY 2018.

FELTMAN EWING, P.S.

By: _____
DAVID E. EASH, ISBA 4886
Attorneys for Plaintiff